**Asa GROVES, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 90–2695.**

United States District Court, District of Columbia.

Oct. 28, 1991.

Aubrey M. Daniel, III, Allen Waxman, Angela Gunter, Williams and Connolly, Washington, D.C., for plaintiff.

William J. Dempster, Marina Utgoff Braswell, Asst. U.S. Attys., Washington, D.C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SPORKIN, District Judge.

Plaintiff has brought this survival action under the Federal Tort Claims Act against the United States government. The plaintiff represents the estate of Robert Groves. Robert Groves died as a result of an automobile accident that occurred on December 8, 1988. The collision involved a BMW, driven by Mr. Groves, and a United States Park Police cruiser driven by Officer Ronald Robinson. The Court has entertained all the evidence presented by the parties in this case. Upon due consideration of the testimony, the exhibits, and the arguments that have been offered, the Court makes the following findings of fact and conclusions of law.

### I. Findings of Fact

#### Liability

1. Officer Raymond Robinson was traveling westbound in the middle lane of Independence Avenue, S.W. at approximately 2:35 pm on December 8, 1988. He was alone in his Park Police cruiser.

2. Mr. Robert Groves was traveling southbound on 23rd St. Ms. Emma Gilbey was a passenger in his automobile. Mr. Groves came to a full stop at the red light at the intersection of 23rd St. and Independence Avenue, S.W.

3. The light controlling Officer Robinson's lane of traffic turned red before his vehicle reached the intersection. A white vehicle followed by a blue pick-up truck traveling ahead of Officer Robinson continued through the red light and through the intersection.

4. Officer Robinson had slowed down as he approached the intersection of 23rd St.

and Independence Avenue preparing to stop at the red light when he spotted the white and blue vehicles run the red light. Officer Robinson then accelerated his police cruiser in order to pursue the white and blue vehicles.

5. Officer Robinson was concentrating intently on the cars he was pursuing. He glanced at the intersection but because his attention was drawn to the cars he was pursuing, he did not observe the BMW about to enter the intersection from 23rd Street. He accelerated through the red light and into the intersection.

6. Officer Robinson first noticed Mr. Groves' automobile as it moved slowly across Robinson's path. He moved his foot from the accelerator to the brake but he had accelerated so rapidly into the intersection that he could not stop his vehicle in time to prevent the collision.

7. The light controlling Robert Groves lane of traffic was green at the time he proceeded into the intersection. He went forward at a conservative rate of speed, below the speed limit, intending to make a left turn, and was hit broadside by Officer Robinson's cruiser. The impact caused by the Park Police car virtually demolished the left side of Mr. Groves' car causing him severe injury and ultimately resulting in his death. (See photographs of accident attached to this opinion as Appendix 1.)

8. It is clear from the entire record that Officer Robinson did not use the requisite care to avoid colliding with the Groves automobile. In entering the intersection, he did not proceed with caution even though he did not have the right of way.

9. Officer Robinson was negligent in the operation of his automobile. An officer who drives his automobile into an intersection against a traffic light must take care to avoid colliding with traffic that the officer is well aware has the right of way.

10. Officer Robinson in pursuing a traffic violator became so obsessed in attempting to apprehend the traffic violator that he recklessly and carelessly entered the intersection without exercising due regard to those travelers who were abiding by the law in the operation of their vehicles.

11. There is no credible evidence that would cause the Court to find that Robert Groves was in any way contributorily negligent. He came to a complete stop at the intersection and only entered the intersection when the light had turned green.

12. An officer in pursuing a traffic violator is permitted to violate the traffic laws so long as he does not jeopardize the life and property of innocent citizens. This did not occur in this case. In instances such as occurred in this matter an officer must balance the need to apprehend a traffic violator with the risk his actions might present to innocent citizens. Officer Robinson did not balance the risk in this case. Indeed, the Park Police Accident Review Board by a 3–2 vote found that the accident was preventable. As found by the Accident Review Board, Officer Robinson failed to use a continuous siren as he should have to alert those who were in the sphere of his activity. Instead of stopping at the red light to verify that the intersection was clear before he entered it, against the traffic signals, Officer Robinson accelerated into the intersection. Officer Robinson ran the light at an excessive rate of speed. The Court finds that the attendant emergency to which Officer Robinson was responding did not warrant the action he took which jeopardized the lives and property of innocent bystanders.

13. Officer Robinson's negligence was the proximate cause of Robert Groves' injuries and ultimate death.

14. Officer Robinson at the time of the accident was acting in the course of his employer's business.

### Damages

15. Robert Groves was a twenty-nine year old male in good health at the time of the accident. There were heroic efforts made to resuscitate him at the scene of the accident, including CPR and a helicopter evacuation to Washington Hospital Center, but he died as a direct result of

the internal bleeding caused by the crash. He moaned and moved a bit in his seat immediately after the impact, but he was in full cardiac arrest when he was removed from his automobile, and he was never revived. His medical expenses for these services came to a total of $5,207.50. These expenses were reasonable and were incurred as a result of the accident. They are recoverable against the defendant.

■ 16. The funeral expenses and expenses for winding up Mr. Groves personal affairs and administering his estate came to a total of $25,976.76. These expenses are reasonable and are recoverable against the defendant.

■ 17. Mr. Groves was employed by ABC as a producer working on the production of investigative reports for the network. It is clear from the evidence that he had an extremely promising career ahead of him in television production. He had won an unprecedented number of awards (18) for someone his age, including some of the most prestigious awards his industry had to offer. Among the awards he won was the Alfred I. DuPont–Columbia University Award for excellence in broadcast journalism.

18. The Court credits the testimony of the witnesses who had worked with Mr. Groves who found him to be very talented, intelligent, personable, creative, and competent. The Court finds that Mr. Groves had the ambition and energy to carry him wherever his talents would lead him in the production of television programs.

19. The Court finds that given the number of positions available and the qualities Mr. Groves displayed during his admittedly brief career with ABC (some 4 months), he would have risen at least to the level of senior producer during his career.[1]

20. While network television has had some problems in the recent past, the Court finds television news is a staple of the industry and will be around for many years.

21. The Court finds that Mr. Groves was an extraordinary talent and had an excellent career ahead of him. In making its finding, the Court has taken into account the fact that Mr. Groves was hired at a time when the networks were downsizing their operations and there was a surplus of capable and indeed more experienced network news producers. Despite the retrenchment in the industry, Mr. Groves was hired at ABC and was also given an offer at CBS, a network that was laying off unprecedented numbers of highly experienced employees. What is more, his talents were considered of such a high calibre that one of the most prestigious talent agencies accepted him as a client.

22. In short, Robert Groves was truly an extraordinary young man who had accomplished much in his 29 years. That he was hired as a network producer at that young age is evidence of the great future that this young man had.

23. At the trial a number of experts testified as to the future earning capacity of someone of Robert Groves' age, experience and talent.

24. The Court finds that Robert Groves would have earned $4,606,823 during his 33 working years (based on statistical work-life).

25. The total economic loss suffered, taking into account the present value of said lost earnings as well as other expenses, is $1,336,431. The Court has discounted this amount by 10% ($1,202,787.90) to reflect the risk that Mr. Groves might not have attained the levels projected by those who testified to his outstanding career prospects.

26. The Court credits the testimony that notes Mr. Groves was not killed instantly and that he did incur pain and suffering that is compensable.

1. While plaintiffs have urged that Mr. Groves would have achieved the position of executive producer (the highest level a producer can achieve) this Court is not prepared to make that conclusion because it is achievable by only a very few in the industry. This is not to say that the Court does not believe that this was a fine young man. It only means that the Court is not able to make that finding of fact based on Mr. Groves' short career even though the evidence shows that he had a spectacular start in television news.

27. The amount of damages sustained in this case is $1.25 million.

## II. Conclusions of Law

28. Officer Robinson was acting in the ordinary course of his employment when his car collided with the car owned and operated by Robert Groves. Officer Robinson was negligent in the operation of the police cruiser. Said negligence was the proximate cause of the lethal injury sustained by Robert Groves.[2]

29. Robert Groves was not contributorily negligent. He complied with the traffic signals at all times. He operated his vehicle with due care, in accordance with the standards required by law.

30. The Court concludes that the defendant is liable to the plaintiff for damages in the amount of $1.25 million. An order granting judgment in that amount shall be entered against the defendant.

---

**2.** The principle of proportionality cannot be ignored in this case. A police officer cannot be allowed to risk the lives of innocent people traveling the public roads simply to pursue a car that runs a red light. There is no doubt that a number of traffic regulations should be waived when an emergency vehicle needs to make its way through the streets to protect lives. But the police must remember that the traffic regulations themselves exist to protect lives, and they cannot be hastily ignored when the police witness a minor infraction. Emergency vehicles may be able to pass through red lights in order to save lives, after stopping and carefully observing an intersection, but the officer here did not have the privilege to run the red light and take a life.